UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Joseph Blahowski
Petitioner,

Civil No. 04-4015 (DWF)

vs.

Criminal No. 01-117 (DWF/RLE)

United States of America
Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PETITIONER'S REPLY TO GOVERNMENT 'S RESPONSE**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NOW COMES the Petitioner, Daniel Joseph Blahowski, pro-se, and in reply to the Government's response, states the following:

I. Petition should not be denied.

A. Blakely does apply to the Federal Sentencing Guidelines. The Petitioner cites United States v. Booker, 375 F.3d 508, and United States v. FanFan, 2004 WL 1713654, for the principle that Blakely does apply to the Sentencing Guidelines and once the U.S. Supreme Court confirms Blakely's application to the Sentencing Guidelines, the Eigth Circuit cases United States v. Mooney, 2004 WL 1636960 (July 23, 2004), and United States v. Pirani, No 03-2871EA (8th Cir. August 5, 2004), will be upheld on an en banc panel of the Eighth Circuit.

B. The Petitioner does not need Blakely to have collateral affect. The Petitioner was sentenced in 2001, after Apprendi was decided. In Apprendi, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 50 U.S. 466, 490.

SCANNED
NOV 15 2004
U.S. DISTRICT COURT ST. PAUL

Apprendi established a new procedural rule applicable to all cases pending on direct review. Schiro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). Blakely merely applied the rule of Apprendi and, therefore, does not require the test for retroactivity imposed by Teague v. Lane, 489 U.S. 288 (1989). Blakely is not a new rule. Apprendi was the new rule and the Petitioner was sentenced after Apprendi.

The Government is correct in stating that before Blakely, every Circuit Court of Appeals had misinterpreted the term statutory maximum. The term statutory maximum was defined in Apprendi but required the clarification of Blakely.

The Government cites Summerlin for the principle that a new rule of procedure is not retroactively applicable. It should be noted, that in Summerlin, the Defendant's case became final on direct review long before Apprendi was decided. The Supreme Court in deciding, in Summerlin, that a new rule of rocedure is not retroactively applicable clearly based it's decision on the specific facts that applied to the Defendant in Summerlin. The Supreme Court, in Summerlin, stated, "In this case, we decide whether Ring v. Arizona, 536 U.S. 584, 153 L.Ed.2d 556, 122 S.Ct. 2428 (2002) applies retroactively to cases already final on direct review." Petitioner's case was not final on direct review until his Writ of Certiorari was denied on October 6, 2003. Apprendi/Blakely applies to this Petitioner's case.

C. Blakely does apply and the Petitioner's sentence was incorrect. The District Court Judge in the Petitioner's case, factually determined that the Petitioner's commercial burglary conviction

was a "crime of violence" and that "otherwise involves conduct that presents a cerious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B)(ii)." According to Blakely, "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment', and the judge exceeds his proper authority." 159 L.Ed.2d. 414 (Internal citation omitted). The District Court Judge did not have the authority to find this fact.

## CONCLUSION

Based on the above stated arguments, Petitioner asks this Court to vacate his sentence, which was based on judicial fact finding, that he was a career offender pursuant to U.S.S.G. § 4B1.1. The Petitioner also requests that based on the Fed.R.Civ.P., Rule 8(d) (Pleadings and Motions), that since the Government failed to respond to his second ground as amended in his § 2255 motion, addressing ineffective assistance of counsel, that this second ground be considered admitted.

Dated: November 8, 2004

Respectfully Submitted,

Daniel Blahowski

Daniel Joseph Blahowski
Reg. No. 09864-041
FCI Milan
P.O. Box 1000
Milan, MI 48160