**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Daniel Joseph Blahowski,

Petitioner-Defendant,

v.

United States of America,

Respondent-Plaintiff.

Civil No. 04-4015 (DWF)
Criminal No. 01-117(1) (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Daniel Joseph Blahowski, *Pro Se*, #09864-041, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160, Petitioner-Defendant.

Joseph T. Dixon, III, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Respondent-Plaintiff.

---

## INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner-Defendant Daniel Joseph Blahowski's ("Petitioner-Defendant") motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner-Defendant asserts the Court's sentence violated his Sixth Amendment right to trial by jury, in light of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). The Government opposes Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He is currently serving a 188-month prison term imposed by this Court for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (possession with intent to distribute methamphetamine).

On June 15, 2001, Petitioner-Defendant pled guilty to possession with intent to distribute more than 50 grams of methamphetamine, in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Pursuant to paragraph 2 of the Plea Agreement and Sentencing Stipulations, Petitioner-Defendant, at the time he pled guilty, on March 26, 2001, admitted knowingly and intentionally possessing with the intent to distribute approximately 200 grams of a mixture or substance containing a detectable amount of methamphetamine. Petitioner-Defendant admitted to this factual basis at the time of his plea on June 15, 2001. Moreover, at paragraph 6 of the Plea Agreement and Sentencing Stipulations, the parties agreed that Petitioner-Defendant was responsible for at least 200, but less than 350 grams, of methamphetamine, which established a base offense level of 28. There was no dispute as to the quantity or drugs involved or the base offense level. (*See* Plea Agreement and Sentencing Stipulations, ¶¶ 2 and 6.a. [Doc. No. 21].)

The Court determined that Petitioner-Defendant had 31 criminal history points, creating a criminal history category of VI. Because of Petitioner-Defendant's October 1989 delivery of a controlled substance conviction and May 1990 third-degree burglary conviction, the Court determined that Petitioner-Defendant was a career offender pursuant to U.S.S.G. § 4B1.1, creating a base offense level of 34. After giving Petitioner-Defendant a three point reduction for acceptance of responsibility, the Court found the applicable Guidelines range to be 188 to 235 months and sentenced Petitioner-

Defendant to the bottom of the Guidelines range, 188 months. Petitioner-Defendant appealed the application of the career offender guideline, which was affirmed by the Eighth Circuit Court of Appeals.

On September 9, 2004, Petitioner-Defendant filed the instant motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. The Government opposes Petitioner-Defendant's motion.

**DISCUSSION**

The Petitioner-Defendant makes his motion pursuant to 28 U.S.C. § 2255. There is little doubt that the motions were brought in good faith in the wake of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). However, there is also little doubt in the larger wake of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), that the Court's sentence of 188 months is a fair and appropriate sentence under 18 U.S.C. § 3553(a)(4) and (5), as well as the directives set forth in 18 U.S.C. § 3553(a), even assuming the applicability of *Blakely v. Washington* to Petitioner-Defendant's case.

In *Booker*, the United States Supreme Court held that *Blakely v. Washington* applied to the Federal Sentencing Guidelines, and that the Sixth Amendment's jury trial guarantee prohibited judges from finding facts that exposed a defendant to increased prison time. Thus, the Sixth Amendment is violated by the imposition of an enhanced sentence under the Guidelines based on a judge's determination of fact, other than a prior conviction, that was not found by the jury or admitted by the defendant. *United States v. Booker* reaffirms the holding in *Apprendi* that any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Id.*

In the wake of *Booker*, the Sentencing Reform Act requires a sentencing court to regard the Guidelines range as one of many factors to consider in determining the sentence. Accordingly, the Court is not bound by the Guidelines, but must "consult" them and "take them into account when sentencing." *Booker* at 767.

There are no Sixth Amendment issues implicated in Petitioner-Defendant's case on the record before the Court. Petitioner-Defendant's sentence was driven in substantial part by his status as a career offender, in addition to the drug quantity that Petitioner-Defendant admitted to as part of his plea and as part of the Plea Agreement. Moreover, applying a post-*Booker* analysis to Petitioner-Defendant's sentence, the Court concludes that its sentence of 188 months imposed on September 18, 2004, is consistent with the factors and directives set forth in 18 U.S.C. § 3553(a). In light of the Court's willingness to subject its sentence to post-*Booker* scrutiny, the propriety of Petitioner-Defendant's motion pursuant to 28 U.S.C. § 2255 is deemed moot by this Court.[1]

## CONCLUSION

[1] Although the United States Supreme Court has stated that constitutional rules of criminal procedure should always be applied retroactively to cases on direct review, such rules are generally not retroactively applicable to cases on collateral review. *See Teague v. Lane*, 489 U.S. 28, 312 (1989). Only "watershed" procedural rules, defined as those "without which the likelihood of an accurate conviction is seriously diminished," apply to sentences that have become final after direct appeal. *Id.* at 313.

While it is true that the United States Supreme Court has not yet explicitly addressed whether *Blakely* is a "watershed" procedural rule, the Court did consider a similar issue in *Schrioro v. Summerlin*, 124 S. Ct. 2519 (2004).

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Daniel Joseph Blahowski's motion to vacate, set aside or correct his sentence is respectfully **DENIED**.

Dated: February 17, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court