In The
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No. 01-117(01)(DWF/RLE)
Civil No. 04-4015 (DWF)

RECEIVED
BY MAIL
APR 07 2005
CLERK, US DIST. COURT
ST. PAUL, MN

| | | |
|---|---|---|
| DANIEL JOSEPH BLAHOWSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | APPLICATION FOR |
| v. | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Daniel Blahowski, by himself having no attorney at this time to represent him, requests the Court to issue a Certificate of Appealability in compliance with 28 U.S.C. §2253(c)(1) and Federal Rule of Appellate Procedure 22(b).

**STANDARD FOR ISSUANCE**

In Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997), the Eighth Circuit set forth what must be contained in an application for a certificate of appealability. An application, and any resulting certificate, must set forth the specific issue or issues that satisfy the requirement that the appellant make a substantial showing of the denial of a constitutional right. See id. at 522.

Under Barefoot v. Estelle, 463 U.S. 880, 893 (1983), such a certificate of probable cause to appeal should be granted if the petition for habeas corpus raises issues which



SCANNED
APR 07 2005
U.S. DISTRICT COURT ST. PAUL

involve the denial of a federal right and are debatable among jurists of reason, or such that a court could resolve the issues differently. 28 U.S.C. §2253(c)(1) requires that the appellant to make a "substantial showing of the denial of a constitutional right." The Eighth Circuit has construed the standard set forth in Barefoot v. Estelle to be the same as the standard under § 2253(c)(1). See Cox v. Norris, 133 F.3d 565 (8th Cir. Dec. 29, 1997).

The constitutional issues which were denied by the district court and which will be presented on appeal are: whether sentencing of the Petitioner as a Career Offender (even finding he was still a career offender under the advisory guidelines) violates his Sixth Amendment rights, in that he was never convicted by a jury or by admission to a violent crime that would qualify him for treatment as a career offender. Further, as is explained further below, the standard under § 2253 is met as this issue is debatable among jurists of reason, such that a court could resolve the issues differently.

## PROCEDURAL HISTORY

Petitioner, Daniel Blahowski, is serving a 188-month sentence imposed by the district court based on a finding that he is a Career Offender. Petitioner pled guilty to possession with intent to distribute Methamphetamine. The quantity of methamphetamine stipulated to by the parties as involved in the offense would have resulted in an offense level of 28. With a three-level reduction for acceptance of responsibility, as well as a Criminal History Category VI, Petitioner would have been

exposed to a sentencing range of between 110 and 137 months. Petitioner did not stipulate that his prior conviction for third-degree burglary qualified as a predicate under the Career Offender guidelines. The District Court determined that it did. Therefore, the Court found that the applicable guidelines were 188 to 235 months. The district court imposed a sentence at the bottom of the then-mandatory guideline range of 188 months.

Petitioner appealed this sentence, arguing on appeal that his prior third-degree burglary conviction did not qualify as a crime of violence for purposes of the Career Offender Guideline. The Eighth Circuit affirmed in a published opinion. *See United States v. Blahowski*, 324 F.3d 529 (8th Cir.) *cert. den.* 124 S.Ct. 356 (Oct. 6, 2003).

Mr. Blahowski's petition for certiorari review was filed and denied before the Supreme Court issued its decision in *Blakely v. Washington,* 124 S.Ct. 2531 (2004). He filed the instant petition pursuant to 28 U.S.C. § 2255 within a year after his case became final, and relied on the Court's decision in *Blakely*. The district court, in denying Petitioner's motion to vacate his sentence, recognizes that he has brought this petition in good faith. *See* Order denying 2255 petition at 3.

The district court denied the motion because it found that there were no Sixth Amendment issues implicated in Petitioner's case on the record. Petitioner disagrees. He challenged whether his prior third degree burglary was a crime of violence because the facts he admitted to in pleading guilty to this offense did not involve any actual violence or the possibility of violence. Further, the crime is not a "listed" offense under the Career

Offender guideline. Therefore, the court must have relied on some factor not a part of his prior conviction, and to which he did not admit, in finding that he is a Career Offender.

**BASIS FOR ISSUING CERTIFICATE OF APPEALABILITY**

The Court should issue a certificate of appealability because its assessment that Petitioner is a Career Offender violates the Sixth Amendment. That reasonable jurists could disagree about this is supported by the fact that the United States Supreme Court vacated the judgment in *United States v. Mohr*, 382 F.3d 857 (8th Cir. 2004) *cert. granted and judment vacated, case remanded* 125 S.Ct. __ (Feb. 28, 2005). The defendant in *Mohr*, much like Petitioner, was found to be a Career Offender based on a non-residential burglary. The Eighth Circuit affirmed in light of its prior decision in Petitioner's case, but that decision has been vacated in light of *United States v. Booker*, 125 S.Ct. 738 (2005). Further, since the district court has issued its order denying this petition, the Supreme Court also issued a decision in *United States v. Shepard*, 125 S.Ct. 1254 (2005), in which it reaffirmed that courts have to construe the definitions of violent felonies very narrowly, because if they include facts that are not part of the record of the prior plea, that violates the Sixth Amendment. That is what happened in this case. Because Petitioner has been arguing that he should not be sentenced as a Career Offender, and because the district court's order treats him as such based on facts that are not part of the record and cannot be sustained with the facts that are of record, he believes that he should be allowed to appeal this to another court for further review.

## CONCLUSION

For the foregoing reasons, Petitioner requests that a certificate of appealability issue in his case.

Dated: april the 2nd 2005

Respectfully submitted,

Daniel J. Blahowski

DANIEL J. BLAHOWSKI
Pro Se